**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TEXAS ENVIRONMENTAL JUSTICE ADVOCACY SERVICES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, et al.,<br><br>Defendants. | Civil No. 1:25-cv-03745 |
| GREATER-BIRMINGHAM ALLIANCE TO STOP POLLUTION, et al.,<br><br>Plaintiffs,<br>v.<br><br>DONALD TRUMP, et al.,<br><br>Defendants. | Civil No. 1:25-cv-04469 |
| MINNESOTA CENTER FOR ENVIRONMENTAL ADVOCACY, et al.,<br><br>Plaintiffs,<br>v.<br><br>DONALD TRUMP, et al.,<br><br>Defendants. | Civil No. 1:26-cv-00287 |
| CLEANAIRE NC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, et al.,<br><br>Defendants. | Civil No. 1:26-cv-00233 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs provide notice of two opinions issued after the parties' briefs were filed. These opinions are pertinent and significant authorities that further support Plaintiffs' position that judicial review of *ultra vires* claims against the President is available, and that courts may examine whether the President's "determination" in fact complied with statutory limitations.

First, the Supreme Court's recent opinion in *Trump v. Cook*, No. 25A312, ___ U.S. ___ (June 29, 2026) is pertinent to several arguments Defendants make in these consolidated cases. For one, the Supreme Court rejected the Government's argument that statutory delegations of discretionary authority to the President are "wholly unreviewable." *Id.*, slip op. at 9. "Even when a statute 'delegates discretionary authority' to the Executive Branch," courts must "independently interpret the statute and effectuate the will of Congress subject to constitutional limits.'" *Id.* (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 368, 395 (2024)). Evaluating Cook's claim that she was unlawfully removed without the "cause" required "*under the statute*," the Court held it must "interpret the statute, and decipher what precisely it means by 'cause,'" consonant with the "task of a reviewing court to discern the [statutory] boundaries of the President's power." *Id.* (cleaned up). In doing so, the Court considered and rejected the same arguments, premised on the same cases, Defendants rely on here. *Compare* Application to Stay 20, 22-25, *Trump v. Cook*, No. 25A312, (Sept. 18, 2025) (citing, *inter alia, Dalton v. Specter*, 511 U.S. 462, 477 (1994); *Franklin v. Massachusetts*, 505 U.S. 788 (1992); *Dakota Cent. Tel. Co. v. South Dakota ex rel. Payne*, 250 U.S. 163 (1919); *NRC v. Texas*, 605 U.S. 665, 681 (2025)), *with* Defs.' Mot. to Dismiss 9-10, No. 25-cv-3745 (Dkt. No. 34-1) (same).

For another, the Court's decision upheld a preliminary injunction against subordinate executive officers to prevent the "implementation" of a presidential action—even without an allegation that those defendants had taken or must take action to effectuate the President's

removal order. *Cook*, slip op. at 25 n.8[1]; *see* Compl. ¶¶ 83-86, *Cook v. Trump*, No. 25-cv-02903 (D.D.C. Aug. 28, 2025) (claims against non-presidential Defendants). Indeed, the underlying complaint explains that Defendants Board of Governors of the Federal Reserve System and Board Chair Jerome H. Powell are joined "to the extent [they] have any ability to take any action to effectuate President Trump's purported termination of Governor Cook." *Id.* ¶¶ 5, 6. Likewise here, Plaintiffs seek to prospectively enjoin Defendants Zeldin and EPA from "implementing" the exemption proclamations. *See, e.g.*, HON Compl. ¶ 7, Relief Requested B.i; Coke Ovens Compl. ¶ 10, Relief Requested B.i.

Furthermore, in determining that Governor Cook's claims were reviewable, the Court found that Congress did not "exempt the President's removal of Governors for cause from judicial review." *Cook*, slip op. at 10; *contra* Application to Stay at 22 (arguing that "[w]hen Congress means to authorize judicial review of removals for cause, it says so"). Governor Cook could "sue 'in equity' without a congressionally provided cause of action 'to prevent an injurious act by a public officer.'" *Cook*, slip op. at 15 n.2 (citing *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 327 (2015)). The Court's holding accords with Plaintiffs' argument that this Court can exercise equitable jurisdiction to review the President's exemption proclamations as *ultra vires*. *See* Pls.' Mot. for Summ. J. at 24 (Dkt. 41-1).

Additionally, on June 23, 2026, the Tenth Circuit in *Garfield County, Utah v. Trump*, 179 F.4th 814 (10th Cir. 2026), rejected the Government's argument that judicial review was unavailable for an *ultra vires* challenge to the designation of certain "national monuments" under

---

[1] *See Cook*, slip op. at 25 n.8 (reading the injunction "to forbid the implementation of 'the President's letter of August 25' in which he purported to fire Cook"); *id.* at 11 (Thomas, J., dissenting) (the injunction prospectively enjoined officers from "effectuating" the President's action).

the Antiquities Act. The court found that the Antiquities Act "places discernible limits on the President," and explained that courts would "undermine rather than honor congressional intent by refusing to enforce Congress's statutory limits." *Id*. at 824; *see also id.* at 789 (explaining that *ultra vires* review is available when the "the President exercise[s] authority Congress never gave him"). The court further invoked the presumption of judicial review and the need for "clear and convincing" evidence to overcome it. *Id*.

The Tenth Circuit also cast doubt on the notion that a plaintiff asserting an *ultra vires* claim must meet a high bar, akin to a "Hail Mary pass," to establish that the challenged executive action is "entirely in excess of its delegated powers and contrary to a specific prohibition in a statute." *Id*. at 830 (cleaned up). The court explained that the ultra vires claims against the President asserted in *Garfield County* "are likely not an 'easy end-run' around any statutory judicial-review limitations," and thus expressed that "it is not obvious that the rationale for the 'painstakingly delineated procedural boundaries of [*Leedom v. Kyne*, 358 U.S. 184 (1958),]' applies." *Id*. That is consistent with Plaintiffs' description of the standard that applies to reviewing *ultra vires* claims. *See t.e.ja.s.* Pls.' Mot. for Summ. J. at 34-37.

In sum, these recent decisions are pertinent to the issues presently before the Court and support Plaintiffs' positions that *ultra vires* review of the exemption proclamations is available and that the scope of review we seek is consistent with the *ultra vires* standard.

DATED: July 23, 2026

Respectfully submitted,

*/s/ Adam Kron*
Adam Kron (D.C. Bar No. 992135)
Sage Lincoln (D.C. Bar No. 90042038)
Tosh Sagar (D.C. Bar No. 1562693)
Earthjustice
1250 I St. NW, Fourth Floor
Washington, D.C. 20005
akron@earthjustice.org

*/s/ Sarah A. Buckley*
Sarah A. Buckley (D.C. Bar No. 90035401)
Natural Resources Defense Council, Inc.
1152 15th St. NW, Suite 300
Washington, D.C. 20005
sbuckley@nrdc.org
Tel: (202) 836-9555

slincoln@earthjustice.org
tsagar@earthjustice.org
Tel: (202) 794-8039

*Counsel for Plaintiffs Texas Environmental Justice Advocacy Services, Air Alliance Houston, Concerned Citizens of St. John, Louisiana Environmental Action Network, RISE St. James Louisiana, Counsel for Citizens for Pennsylvania's Future, Hoosier Environmental Council, Just Transition Northwest Indiana, and Sierra Club*

/s/ Abel Russ
Abel Russ (D.D.C. Bar No. 1007020)
Haley Lewis (AL Bar No. ASB-1008-R66I)
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
aruss@environmentalintegrity.org
hlewis@environmentalintegrity.org
Tel: (802) 482-5379 (Russ)
Tel: (202) 263-4449 (Lewis)

*Counsel for Plaintiffs Environmental Integrity Project, Greater-Birmingham Alliance to Stop Pollution, and Clean Air Council*

s/ Irena Como (Pro Hac Vice)
Irena Como (N.C. Bar No. 51812)
Southern Environmental Law Center
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
icomo@selc.org
Tel: (919) 867-4404

Marissa Land (GA Bar No. 168442) (Pro Hac Vice)
Southern Environmental Law Center
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
mland@selc.org

*Counsel for Plaintiffs Natural Resources Defense Council, Environmental Justice Health Alliance for Chemical Policy Reform, Comité Pro Uno, Communities for a Better Environment, and Minnesota Center for Environmental Advocacy*

/s/ Shampa Panda
Shampa Panda (D.C. Bar No. 90030605)
Natural Resources Defense Council, Inc.
1152 15th St. NW, Suite 300
Washington, D.C. 20005
spanda-bryant@nrdc.org
Tel: (202) 836-9333

*Counsel for Plaintiffs Natural Resources Defense Council and Minnesota Center for Environmental Advocacy*

/s/ Rosalie Winn (Pro Hac Vice)
Rosalie Winn (Colorado Bar No. 52662)
Leah Fattor (Colorado Bar No. 61031)
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO 80302
rwinn@edf.org
lfattor@edf.org
Tel: (303) 447-7212

/s/ Samantha Liskow
Samantha Liskow, (D.D.C. Bar No. NY0687)
Environmental Defense Fund
257 Park Avenue South
New York, NY 10010
sliskow@edf.org
Tel: (212) 616-1247

*Counsel for Plaintiff Environmental Defense Fund*

/s/ Jaclyn Brass (Pro Hac Vice)
Jaclyn Brass (Ala. Bar No. ASB-5340-B19L)
Christina Tidwell (Ala. Bar No ASB-9696-D10R)
Southern Environmental Law Center
2829 2nd Avenue S, Suite 282
Birmingham, AL 35233

*Counsel for Plaintiffs CleanAIRE NC, Savannah Riverkeeper, Sustainable Newton, and Virginia Interfaith Power & Light*

/s/ Brian H. Lynk
Brian H. Lynk (D.C. Bar No. 459525)
Environmental Law & Policy Center
740 15th St. NW, Suite 700
Washington, D.C. 20005
blynk@elpc.org
Tel: (240) 461-4241

*Counsel for Plaintiff Environmental Law & Policy Center*

Jbrass@selc.org
Ctidwell@selcal.org
Tel: (205) 745-3060

*Counsel for Plaintiff Greater-Birmingham Alliance to Stop Pollution*

Keri N. Powell (D.C. Bar No. 477045)
Southern Environmental Law Center
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
Kpowell@selc.org
Tel: (678) 433-6851

*Counsel for Plaintiffs CleanAIRE NC, Greater-Birmingham Alliance to Stop Pollution, Savannah Riverkeeper, Sustainable Newton, and Virginia Interfaith Power & Light*

**CERTIFICATE OF SERVICE**

I certify that on July 23, 2026, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

/s/ *Sarah A. Buckley*
Sarah A. Buckley (D.C. Bar. No. 90035401)
Natural Resources Defense Council, Inc.
1152 15th St. NW, Suite 300
Washington, D.C. 20005
Tel: (202) 836-9555
sbuckley@nrdc.org