**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TEXAS ENVIRONMENTAL JUSTICE ADVOCACY SERVICES, et al.,<br><br>Plaintiffs,<br>v.<br><br>DONALD TRUMP, et al.,<br><br>Defendants. | Civil No. 1:25-cv-03745<br>consolidated with:<br>1:25-cv-04469,<br>1:26-cv-00287,<br>1:26-cv-00233 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The two cases Plaintiffs submit as supplemental authority are inapplicable to this case challenging Presidential exemptions under the Clean Air Act. *Trump v. Cook*, No. 25A312, 2026 WL 1855613(U.S. June 29, 2026); *Garfield County, Utah v. Trump*, 179 F.4th 814 (10th Cir. 2026).

Unlike the Clean Air Act, which *prohibits* judicial review outside of prescribed channels, the statutes at issue in *Cook* and *Garfield County* are silent on judicial review. Those cases say nothing about ultra vires claims when the governing statute expressly or impliedly precludes judicial review. The Clean Air Act's exclusive and comprehensive review provisions affect this case in three main ways, each of which is unaffected by Plaintiffs' supplemental authority.

***First*****,** the Environmental Protection Agency (EPA) must be dismissed as a defendant because the Clean Air Act expressly mandates that claims against EPA are exclusively available in the courts of appeals. Doc. 57-1 (U.S. MTD Reply) at 8; Doc. 34-1 (U.S. MTD) at 7-8. Where a statutory "bar on judicial review is express," ultra vires claims are wholly foreclosed. *DCH Reg'l*

*Med. Ctr. v. Azar*, 925 F.3d 503, 509 (D.C. Cir. 2019); *accord Bd. of Governors of Fed. Rsrv. v. MCorp Fin., Inc.*, 502 U.S. 32, 44 (1991) (statute expressly barring judicial review forecloses ultra vires claim); *NRC v. Texas*, 605 U.S. 665, 681 (2025) (citing *MCorp*, 502 U.S. at 43). Plaintiffs cite no case suggesting that agency officers may be sued and enjoined from implementing a statute when that statute expressly bars review. Doc. 57-1 at 8-10. And that argument contradicts binding precedent. *DCH*, 925 F.3d at 509.

Further, this Court lacks equitable power to enjoin the President. Doc. 57-1 at 10-11. Because EPA must be dismissed, and because no relief is available against the President, there is no available remedy. Plaintiffs' claims are therefore not redressable and must be dismissed. *Id.*

***Second***, the Clean Air Act's exclusive review provision forecloses any ultra vires claim, not just against EPA, but against the President. As we have explained, the statute's comprehensive statutory review provisions prohibit judicial review of presidential determinations under § 112(i)(4). Doc. 57-1 at 5-8. This "bar on judicial review" is sufficiently "express" to foreclose any ultra vires claim, just as the bars in *DCH*, *MCorp*, and *NRC* foreclosed those claims. 925 F.3d at 509; 502 U.S. at 44; 605 U.S. at 682. This is particularly true in the special context of a claim against the President. Again, *Cook* and *Garfield County* did not involve a statutory review scheme.

***Third***, at an absolute minimum, the Clean Air Act impliedly precludes judicial review. Doc. 57-1 at 5-8. And where "statutory preclusion of review is implied," the plaintiff's burden for the "backdoor review" of an ultra vires claim is extraordinarily high, "essentially a Hail Mary pass." *DCH*, 925 F.3d at 509; *NRC*, 605 U.S. at 682. The plaintiff must show that the defendant "plainly act[ed] in excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *DCH*, 925 F.3d at 509 (discussing *Leedom v. Kyne*, 358 U.S. 184 (1958)). These *Leedom v. Kyne* claims have an "extremely limited scope." *Id.* They apply only to "extreme

agency error, not merely garden-variety errors of law or fact." *Id.* (cleaned up). Here, Plaintiffs' claims are a transparent attempt to "dress up" a garden-variety APA suit and "fall[] well shy of a meritorious" ultra vires claim. *NRC*, 605 U.S. at 682.

As the Federal Reserve Act was silent about judicial review of a "for cause" removal determination, *Cook* did not address a *Leedom v. Kyne* ultra vires claim. It said nothing about the scope of review for ultra vires claims under the "Hail Mary" standard that applies when a statute contains a comprehensive review scheme, as the Clean Air Act unequivocally does. Nor did *Cook* even address the standard of review for the claim under the Federal Reserve Act, other than to opine that courts interpret statutory terms and that the President's "for cause" removal determination was not committed the President's unreviewable discretion. *Cook*, 2026 WL 1855613 at *7-10; *see id.* at *11 (stating that the Court's holding was not based on "the precise definition of cause, or the scope of our review of any such determination"). *Cook* did not review the President's factual determinations and says nothing about the scope of review for such determinations (*id.* at *11), much less whether and to what extent review of discretionary factual determinations is available under § 112(i)(4) of the Clean Air Act. *See* Doc. 34-1 at 9-13; Doc. 57-1 at 22; *see also Trump v. Hawaii*, 585 U.S. 667 (2018) (highly deferential review, assuming review is available).

*Cook* is inapposite for two additional reasons. Unlike in *Cook*, there is no dispute that the core piece of the President's determination under § 112(i)(4) is committed to unreviewable discretion: the determination that an exemption "is in the national security interests of the United States." 42 U.S.C. § 7412(i)(4). Presumably because that determination is unreviewable, Plaintiffs have asserted no challenge to the President's national security determination.

Finally, *Cook*'s actual holding is affirmatively unhelpful to Plaintiffs. The Court ruled "on narrow grounds" that the President's termination violated "the procedural protections to which [Cook] was entitled by statute." *Cook*, 2026 WL 1855613 at *11. But here, Plaintiffs lack any relevant statutory rights under the Clean Air Act. The authority the President exercised under § 112(i)(4) merely grants regulated parties an extension of time and restricts the rights of no one. Crucially, a violation of "statutory rights" is an essential element of a *Leedom v. Kyne* ultra vires claim. *Nat'l Air Traffic Controllers Ass'n AFL-CIO v. Fed. Serv. Impasses Panel*, 437 F.3d 1256, 1263 (D.C. Cir. 2006); *MCorp*, 502 U.S. at 43 ("central to our decision in *Kyne*" was that the absence of judicial review would deprive plaintiff of any "means of vindicating its statutory rights"). Plaintiffs' claims fail for that independent reason. *See* Doc. 57-1 at 1, 12-14.

As for *Garfield County*, that case did discuss *Leedom v. Kyne*, but only to distinguish it because the statute at issue, the Antiquities Act, did not expressly or impliedly prohibit review of the President's proclamation. 179 F.4th at 829-30. Precisely because the Antiquities Act did not "have any statutory judicial-review limitations," it was "not obvious that the rationale for the painstakingly delineated procedural boundaries of *Kyne* applies." *Id.* at 830 (cleaned up) (quoting *NRC*, 605 U.S. at 681). That is not the case with the Clean Air Act, which has a comprehensive review scheme with wall-to-wall limitations on review. Doc. 57-1 at 5-8.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

ROBERT N. STANDER
Deputy Assistant Attorney General

/s/ Daniel J. Martin
DANIEL J. MARTIN
LAURA BROWN
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-1869 (Martin)
(202) 305-5314 (Brown)
Daniel.Martin3@usdoj.gov
Laura.J.S.Brown@usdoj.gov

CHARLOTTE M. GOUDEAU
Assistant Regional Counsel
EPA Region 6 Office of Regional Counsel
Dallas, Texas

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I caused a copy of the foregoing to be served upon all counsel of record via the Court's electronic case filing system.

/s/ Daniel J. Martin